UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,        Case No. 10-cr-20563

v.        Honorable Thomas L. Ludington
        Magistrate Judge Patricia T. Morris

RICHARD ALAN BEHNAN,

        Defendant/Petitioner.

_____/

**ORDER GRANTING MOTION TO VACATE JUDGMENT, VACATING JUDGMENT, DIRECTING SERVICE, AND SETTING DEADLINE FOR OBJECTIONS TO REPORT AND RECOMMENDATION**

On May 6, 2015, Petitioner Richard Behnan filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. *See* Def.'s Mot. Vacate, ECF No. 91. He alleged that counsel during his criminal proceeding was constitutionally ineffective. According to Behnan, his counsel was ineffective largely because Behnan rejected an initial plea offer that turned out to be more favorable than the second plea offer, which he accepted.[1] He also argued that his counsel was ineffective because his attorney committed certain ethical violations resulting in being disbarred in Michigan.[2] On July 27, 2015, Magistrate Judge Patricia T. Morris issued a report recommending that Defendant's motion be denied because he did not meet the standards for demonstrating ineffective assistance of counsel as articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *See* Rep. & Rec. 6-10, ECF No. 101. Judge Morris also found that ethical

---

[1] Behnan does not directly allege that his attorney counselled him to reject the first plea offer, but the argument is implied.

[2] His attorney was also eventually jailed on related charges.

violations by Behnan's attorney, without more, do not *per se* constitute ineffective assistance of counsel. *Id*. 10-11.

Neither party objected to Judge Morris's Report. As a result, the Report was adopted and judgment was entered against Behnan. See Order Adopting Rep. & Rec., ECF No. 102 & J., ECF No. 103. On October 27, 2015, Behnan filed a motion to suppress and set-aside the judgment. He argued that he did not receive Judge Morris's Report and thus, could not object. The Court directed the Government to respond to Behnan's claims and produce the prison mail log during the relevant period in which the Report would have been delivered. The order directing the Government to respond also noted that Behnan's prisoner number entered in the text of the docket entry recording the fact of service was incorrect. The prisoner number included on the Report itself was correct.

The Government timely responded to Behnan's motion and explained that the Report, as it was mailed to Behnan, would not be entered as received in the Federal Medical Center Rochester's mail logs because it is not marked with "Special Mail – Open Only in the Presence of the Inmate" or similar language. Stolarzyk Aff. ¶ 6, ECF No. 106-3. The Government also produced an affidavit by Judge Morris's case manager which detailed the process for mailing court papers to inmates. The affidavit also explained that if an inmate did not receive an item of mail it is generally returned to the Clerk of Court's office and subsequently docketed as undeliverable mail. The case manager further explained that the process she uses to mail items to inmates would not have resulted in Behnan's prisoner number being included on the Report's envelope incorrectly. Lastly, she explained that no mail to Behnan was returned as undeliverable.

The Government additionally produced the affidavit of Steve Stolarzyk, the Case Management Coordinator at the Federal Medical Center Rochester. His affidavit explained that

any item of mail that arrives with an incorrect prisoner number would be returned to the sender. Thus, the Government argued, since no mail was returned to the Clerk of Court's office, it was likely that the envelope did not have an incorrect prisoner number. It requested that Behnan's motion be denied.

Behnan's motion will be granted and he will have eighteen days to file his objections to the Report.[3] The inability of the Federal Medical Center to confirm receipt of the Report together with the incorrect prisoner number listed on the docketed certificate of service creates sufficient doubt as to Behnan's actual receipt of the Report, taken in conjunction with Behnan's representation that he did not receive the Report. While it may be likely that the Report did reach Behnan, it is not conclusively so. Further, Behnan has not struggled with meeting deadlines while pursuing his motion to vacate and has not requested any extensions. He will be given an opportunity to object to Judge Morris's Report.

Accordingly, it is **ORDERED** that Petitioner Richard Behnan's motion to vacate, ECF No. 104, is **GRANTED**.

It is further **ORDERED** that the Judgment of October 5, 2015, ECF No. 103, is **VACATED**.

It is further **ORDERED** that the Clerk of Court is **DIRECTED** to serve Magistrate Judge Patricia T. Morris's Report and Recommendation, ECF No. 101, upon Petitioner Richard Behnan and file a certificate of service on the docket.

It is further **ORDERED** that the Clerk of Court is **DIRECTED** to mail to Petitioner Richard Behnan, with a copy of the Report and Recommendation, a copy of the docket sheet in this matter that includes the certificate of service for the Report and Recommendation.

---

[3] Behnan explained in his motion that documents from the Court normally arrive in no less than four days. Presumably, Behnan meant no more than four days. He will be given the normal fourteen days to object and will be given an additional four days to account for the time it takes for the Report to be delivered to him.

- 4 -

It is further **ORDERED** that Petitioner Richard Behnan shall file any objections to the Report and Recommendation by **March 1, 2016**.

Dated: February 12, 2016     s/Thomas L. Ludington
                             THOMAS L. LUDINGTON
                             United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 12, 2016.

s/Michael A. Sian
MICHAEL A. SIAN