UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

RICHARD ALAN BEHNAN,

Defendant.

______________________________________/

Case No. 1:10-cr-20563-01

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER DIRECTING SUPPLEMENTAL BRIEFING**

Seven years ago, Defendant Richard Alan Behnan filed a motion to vacate his 2013 sentence for healthcare fraud. ECF No. 91. He argued that his trial counsel was ineffective for advising him to reject a plea offer that could have resulted in a noncustodial sentence. *Id.* Magistrate Judge Patricia T. Morris recommended that his motion be denied, and Defendant objected. ECF Nos. 101; 111. Due to an error in CM/ECF, Defendant's motion did not appear as a "pending motion" in regular reporting and was only rediscovered by this Court in January 2021.

Since filing his motion, Defendant has completed his custodial sentence and supervised release. ECF No. 120. Despite the unfortunate delay in deciding Defendant's motion, this Court has an ongoing duty to verify its subject-matter jurisdiction. Because the completion of Defendant's custodial sentence and supervised release suggests that his motion is moot, the parties will be directed to file supplemental briefing.

**I.**

In September 2020, Defendant Richard Alan Behnan, a podiatrist, was indicted for repeatedly overbilling Medicare for five years. In November 2011, he pleaded guilty to one count of healthcare fraud, 18 U.S.C. §§ 1347, 1349. ECF No. 41. As part of that agreement, he stipulated to a lifetime exclusion from federal health-benefit programs, including Medicare. *Id.* at PageID.373. He was sentenced to 55 months' imprisonment and two years' supervised release and was also ordered to pay $1,624,089.66 in restitution. ECF No. 70.

In May 2015, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 91. He argued that his trial counsel, Craig Wormley, was ineffective for advising him to reject the Government's first plea offer. *Id.* at PageID.1009. Defendant claimed that the first offer carried a substantially lower custodial sentence and that he rejected it only because Wormley insisted on proceeding to trial. *Id.* Defendant also noted that Wormley had been suspended from the practice of law shortly after Defendant pleaded guilty. *Id.*

In response, the Government argued that Wormley's advice was reasonable because, at the time, Defendant's employee and codefendant, Kelly Morel, had not yet agreed to testify against him. ECF No. 97 at PageID.1047–48. Once she did, the case against Defendant became "overwhelming," substantially diminishing his bargaining power. *Id.* at PageID.1050. The Government also argued that Defendant could not rely on Wormley's disciplinary proceedings because he knew of them before pleading guilty. *Id.* at PageID.1049.

Defendant's motion was referred to Magistrate Judge Patricia T. Morris, who recommended that it be denied. *Behnan v. United States*, No. 1:10-CR-20563, 2015 WL 5871125, at *1 (E.D. Mich. July 27, 2015). Given the circumstances at the time of the Government's offer, Judge Morris found that there was a "reasonable and sound strategic explanation" for Wormley's

advice to proceed to trial: he could plausibly characterize the overbillings as a misunderstanding or mistake on Morel's part. *Id.* at *4–5. That Wormley's advice "turned out to be wrong," Judge Morris explained, "does not mean that [it] was incompetent." *Id.* (quoting *French v. United States*, No. 3:13-00670, 2013 WL 5965898, at *4 (M.D. Tenn. Nov. 8, 2013)). Rather, it means that the Government substantially benefited from Morel's eleventh-hour decision to cooperate. *Id.*

As for Wormley's disciplinary proceedings, Judge Morris noted that "[t]he Sixth Amendment's purpose 'is not to police attorneys' ethical standards.'" *Id.* at *6 (quoting *Beets v. Scott*, 65 F.3d 1258, 1272 (5th Cir. 1995)). She also noted that an attorney who is subject to disciplinary proceedings is not "presumptively incapable of providing effective assistance." *Id.* at *6 (quoting *Young v. Runnels*, 435 F.3d 1038, 1043 (9th Cir. 2006)).

Because Defendant did not object to Judge Morris's recommendation within 14 days, her recommendation was adopted, and his motion to vacate was denied. *United States v. Behnan*, No. 10-CR-20563, 2015 WL 5785820, at *1 (E.D. Mich. Oct. 5, 2015).

Two weeks later, however, Defendant filed a motion to set that judgment aside, claiming that he never received a copy of Judge Morris's recommendation. ECF No. 104. The Government denied that allegation and opposed his motion. ECF No. 106. After investigating the matter, this Court learned that the envelope containing Judge Morris's recommendation might have been mailed to another inmate. *See* ECF No. 109 at PageID.1128–29. As a result, Defendant's motion was granted, and he was given additional time object to Judge Morris's recommendation. *Id.* at PageID.1129.

This is when the trouble with this Court's electronic-filing system (CM/ECF) seems to have begun. For reasons that remain unknown, when Defendant's motion to set aside the judgment was granted, his motion to vacate was not restored to "pending motion" status in CM/ECF. As a

result, Defendant's motion did not appear in any of this Court's regular docket reports. This Court did not learn of the error until January 2021, when the then-assigned Assistant United States Attorney informed this Court.

Consistent with this Court's Order, Defendant filed objections to Judge Morris's recommendation, which remain pending. ECF No. 111. These objections rely largely on a letter, purportedly authored by Wormley, that Defendant filed after Judge Morris entered her recommendation. ECF No. 108. The letter states that the Government's first plea offer "did not require any incarceration," and that Defendant rejected the offer only after "[Wormley] pressured [him to do so] in hopes of a complete win at trial." *Id.* at PageID.1125. The Government challenges both the authenticity of the letter and its veracity. *See* ECF No. 116 at PageID.1178 (claiming that the letter's statements "are knowingly and deliberately false").

Since filing his objections, Defendant has successfully completed both his custodial and supervised-release terms. ECF No. 120. He has not had any communication with this Court since June 2019, when he filed a change-of-address form. ECF No. 121.

**II.**

Under Article III of the United States Constitution, federal courts are courts of limited jurisdiction and may only hear "Cases or Controversies." U.S. CONST. art. III. § 2. Part of the "Case or Controversy" requirement is the doctrine of mootness. *See Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 557–58 (6th Cir. 2021). Under the doctrine of mootness, courts must ask whether the case in question consists of a "genuine dispute[] between adverse parties, [such that] the relief requested would have a real impact on the legal interests of those parties." *Id.* at 558 (quoting *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006)). "If 'the issues

presented are no longer live or the parties lack a legally cognizable interest in the outcome,' then the case is moot and the court has no jurisdiction." *Id.* (same).

The doctrine of mootness applies to post-conviction relief. *See Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009). In *Demis*, a federal prisoner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging federal regulations governing the transfer of prisoners to residential reentry centers. *Id.* at 510. The Sixth Circuit held that the petition was moot because the petitioner had been transferred to a residential reentry center while his petition was pending in the district court. *Id.* at 512. Although a prisoner's challenge to his conviction "always satisfies the case-or-controversy requirement," the Sixth Circuit explained, "[o]nce a prisoner's sentence has expired . . . 'some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist." *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). In other words, the prisoner "must continue to have an actual injury that is capable of being redressed by a favorable judicial decision." *Id.* (quoting *Brock v. DOJ*, 256 F. App'x 748, 750 (6th Cir. 2007)).

Here, Defendant claims that his trial counsel was ineffective for advising him to reject a favorable plea offer and to proceed to trial. *See* ECF No. 91 at PageID.1009. He does not claim that he would have been acquitted but for the advice of counsel. Nor does he have any remaining portion of a custodial or supervised-release term that could be invalidated. Further, to the extent that he seeks to reduce his restitution, Defendant has not alleged that the Government offered to stipulate to a lower amount. And "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court." 18 U.S.C. § 3664(e). Similarly, regarding Defendant's lifetime exclusion from Medicare, the duration of his exclusion was largely within the discretion of the Government. *See* 42 U.S.C. § 1320a-7(a) (mandating exclusion for those convicted of healthcare fraud and

related offenses); *id.* § 1320a-7(c)(3)(B) (minimum five-year exclusion period); 42 C.F.R. § 1001.102(b) (providing factors that Department of Health and Human Services may consider in establishing exclusion).

For these reasons, it is unclear whether Defendant "continue[s] to have an actual injury that is capable of being redressed by a favorable judicial decision." *Demis*, 558 F.3d at 512. Because "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*," *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009), the parties will be directed to file supplemental briefing.

**III.**

Accordingly, it is **ORDERED** that the parties are **DIRECTED** to file supplemental briefing addressing whether Defendant's Motion to Vacate is moot **on or before July 6, 2022.** Each party may file a response brief **within 14 days** after being served with the opposing party's brief. All briefs shall be no longer than 15 pages.

Dated: June 8, 2022

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge