UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                      Case No. 1:10-cr-20563-01

v.                                                     Honorable Thomas L. Ludington
                                                           United States District Judge

RICHARD ALAN BEHNAN,

        Defendant.
_____/

**OPINION AND ORDER DENYING AS MOOT DEFENDANT'S MOTION TO VACATE SENTENCE**

Seven years ago, Defendant Richard Alan Behnan filed a motion to vacate his 2013 sentence for healthcare fraud. ECF No. 91. He argued that his trial counsel was ineffective for advising him to reject a plea offer that might have resulted in a noncustodial sentence. *Id.* United States Magistrate Judge Patricia T. Morris recommended that his Motion be denied, and Defendant objected. ECF Nos. 101; 111. Due to an error in CM/ECF, Defendant's Motion did not appear as a "pending motion" and was not rediscovered by this Court until several years later, in 2022.

In June 2022, this Court directed the parties to file supplemental briefing addressing whether Defendant's Motion to Vacate had become moot. *See* ECF No. 124 at PageID.1212 (noting that Defendant only challenged his sentence, not his conviction). Only the Government has responded. ECF No. 126. Because this Court agrees with the Government that Defendant may no longer obtain relief under 28 U.S.C. § 2255, Defendant's Motion to Vacate will be denied as moot.

I.

In September 2010, Defendant Richard Alan Behnan, a podiatrist, was indicted for repeatedly overbilling Medicare for five years. ECF No. 1. In November 2011, he pleaded guilty to one count of healthcare fraud, 18 U.S.C. §§ 1347, 1349. ECF No. 41. As part of that agreement, he stipulated to a lifetime exclusion from federal health-benefit programs, including Medicare. *Id.* at PageID.372–73. He was sentenced to 55 months' imprisonment and two years' supervised release and was also ordered to pay $1,624,089.66 in restitution. ECF No. 70.

In May 2015, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 91. He argued that his trial counsel, Craig Wormley, was ineffective for advising him to reject the Government's first plea offer. *Id.* at PageID.1009. Defendant claimed that the first offer carried a substantially lower custodial sentence and that he rejected it only because Wormley insisted on proceeding to trial. *Id.* Defendant also noted that Wormley had been suspended from the practice of law shortly after Defendant pleaded guilty. *Id.*

In response, the Government argued that Wormley's advice was reasonable because, at the time, Defendant's employee and codefendant Kelly Morel had not yet agreed to testify against him. ECF No. 97 at PageID.1047–48. Once she did, the case against Defendant became "overwhelming," substantially diminishing his bargaining power. *Id.* at PageID.1050. The Government also argued that Defendant could not rely on Wormley's disciplinary proceedings because he knew of them before pleading guilty. *Id.* at PageID.1049.

Defendant's Motion was referred to United States Magistrate Judge Patricia T. Morris, who issued an R&R recommending that it be denied. *Behnan v. United States*, No. 1:10-CR-20563, 2015 WL 5871125, at *1 (E.D. Mich. July 27, 2015). Given the circumstances at the time of the Government's offer, Judge Morris found that there was a "reasonable and sound strategic

explanation" for Wormley's advice to proceed to trial: he could plausibly characterize the overbillings as a misunderstanding or mistake on Morel's part. *Id.* at *4–5. That Wormley's advice "turned out to be wrong," Judge Morris explained, "does not mean that [it] was incompetent." *Id.* (quoting *French v. United States*, No. 3:13-00670, 2013 WL 5965898, at *4 (M.D. Tenn. Nov. 8, 2013)). Rather, it means that the Government substantially benefited from Morel's eleventh-hour decision to cooperate. *Id.*

As for Wormley's disciplinary proceedings, Judge Morris noted that "[t]he Sixth Amendment's purpose 'is not to police attorneys' ethical standards.'" *Id.* at *6 (quoting *Beets v. Scott*, 65 F.3d 1258, 1272 (5th Cir. 1995)). She also noted that an attorney who is subject to disciplinary proceedings is not "presumptively incapable of providing effective assistance." *Id.* at *6 (quoting *Young v. Runnels*, 435 F.3d 1038, 1043 (9th Cir. 2006)).

Because Defendant did not object to Judge Morris's R&R within 14 days, her recommendation was adopted, and his Motion to Vacate was denied. *United States v. Behnan*, No. 10-CR-20563, 2015 WL 5785820, at *1 (E.D. Mich. Oct. 5, 2015).

Two weeks later Defendant filed a motion to set that judgment aside, claiming he never received a copy of Judge Morris's R&R. ECF No. 104. The Government denied that allegation and opposed his Motion. ECF No. 106. After investigating the matter, this Court learned that the envelope containing Judge Morris's R&R could have been mailed to a different inmate. *See* ECF No. 109 at PageID.1128–29. As a result, Defendant's Motion was granted, and he was given additional time object to Judge Morris's R&R. *Id.* at PageID.1129.

This is when the trouble with the electronic-filing system (CM/ECF) seems to have begun. For reasons that remain unknown, though Defendant's Motion to Set Aside the Judgment was granted, his Motion to Vacate was not restored to "pending motion" status in CM/ECF. Therefore,

Defendant's Motion did not appear in any of this Court's regular docket reports. This Court did not learn of the error until January 2022, when the then-assigned Assistant United States Attorney informed this Court.

Consistent with this Court's Order, Defendant filed objections to Judge Morris's R&R, which remain pending. ECF No. 111. These objections rely largely on a letter, purportedly authored by Wormley, that Defendant filed after Judge Morris entered her R&R. ECF No. 108. The letter states that the Government's first plea offer "did not require any incarceration," and that Defendant rejected the offer only after "[Wormley] pressured [him to do so] in hopes of a complete win at trial." *Id.* at PageID.1125. The Government challenges both the authenticity of the letter and its veracity. *See* ECF No. 116 at PageID.1178 (claiming that the letter's statements "are knowingly and deliberately false").

Since filing his objections, Defendant has successfully completed both his custodial and supervised-release terms. ECF No. 120. For that reason, this Court directed the parties to file supplemental briefing regarding whether Defendant's Motion is moot. ECF No. 124. The parties were given one month to respond. *Id.* at PageID.1213. Nearly two months have passed since then, and only the Government has responded. ECF No. 126. For its part, the Government contends that Defendant's Motion is moot, because he can no longer seek relief under § 2255. *Id.*

Having carefully considered the pleadings and briefing in this matter, this Court finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2).

## II.

### A.

Under Article III of the United States Constitution, federal courts are courts of limited jurisdiction and may only hear "Cases or Controversies." U.S. CONST. art. III. § 2. Part of the "Case

or Controversy" requirement is the doctrine of mootness. *See Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 557–58 (6th Cir. 2021). Under the doctrine of mootness, courts must ask whether the case in question consists of a "genuine dispute[] between adverse parties, [such that] the relief requested would have a real impact on the legal interests of those parties." *Id.* at 558 (quoting *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006)). "If 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' then the case is moot and the court has no jurisdiction." *Id.* (same).

The doctrine of mootness applies to post-conviction relief. *See Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009). In *Demis*, a federal prisoner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging federal regulations governing the transfer of prisoners to residential reentry centers. *Id.* at 510. The Sixth Circuit held that the petition was moot because the petitioner had been transferred to a residential reentry center while his petition was pending in the district court. *Id.* at 512. Although a prisoner's challenge to his conviction "always satisfies the case-or-controversy requirement," the Sixth Circuit explained, "[o]nce a prisoner's sentence has expired . . . 'some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist." *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). In other words, the prisoner "must continue to have an actual injury that is capable of being redressed by a favorable judicial decision." *Id.* (quoting *Brock v. DOJ*, 256 F. App'x 748, 750 (6th Cir. 2007) (unpublished)).

B.

Despite the complex procedural history recited above, the analysis here turns on the simple distinction between what Defendant challenges and what he does not. As previously noted, Defendant challenges his sentence. *See* ECF No. 91 at PageID.1009. He does not challenge his

conviction. In fact, his only claim for relief is that, but for the ineffective assistance of counsel, he would have accepted the Government's first and more favorable plea offer. *Id.*

But Defendant's sentence is now effectively unreviewable. His terms of incarceration and supervision have ended. ECF No. 120. And his lifetime exclusion from Medicare flows from his conviction, not from anything that his counsel and the Government negotiated.[1] *See* 42 U.S.C. § 1320a-7(a) (mandating exclusion for people convicted of healthcare fraud and related offenses); *id.* § 1320a-7(c)(3)(B) (minimum five-year exclusion period); 42 C.F.R. § 1001.102(b) (providing factors that Department of Health and Human Services may consider in establishing exclusion). Similarly, with respect to his restitution obligations, Defendant has not alleged that the Government offered to stipulate to a lower amount. So, even if he had accepted the Government's first plea offer, he likely would have been responsible for the same restitution. *See* 18 U.S.C. § 3664(e) ("Any dispute as to the proper amount or type of restitution shall be resolved by the court.").[2]

For these reasons, Defendant no longer "ha[s] an actual injury that is capable of being redressed by a favorable judicial decision." *Demis*, 558 F.3d at 512. Although the mootness of Defendant's Motion is not his fault, the limits of federal jurisdiction are absolute. *See Memphis A.*

---

[1] To the extent that Defendant seeks to challenge his lifetime exclusion from Medicare, he may apply for judicial review of the Secretary of Health and Human Services's decision. *See* 42 U.S.C. § 1307a-7(f)(1) ("[A]ny individual or entity that is excluded (or directed to be excluded) from participation under this section is entitled to reasonable notice and opportunity for a hearing thereon by the Secretary to the same extent as is provided in section 405(b) of this title, and to judicial review of the Secretary's final decision after such hearing as is provided in section 405(g) of this title . . . .").

[2] Further, as the Government notes, Defendant may not challenge a monetary fine under § 2255. *See United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995) (holding that petitioner was "precluded from challenging the imposition of the cost of his imprisonment and supervised release in a § 2255 petition"). Presumably, this same reasoning extends to restitution. S*ee Hood v. Washburn*, No. 19-5671, 2019 WL 6977673, at *2 (6th Cir. Nov. 12, 2019) (holding that restitution did not render state prisoner in "custody" for habeas purposes).

Case 1:10-cr-20563-TLL-PTM ECF No. 127, PageID.1231 Filed 08/30/22 Page 7 of 7

- 7 -

*Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 558 (6th Cir. 2021) ("If 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' then the case is moot and the court has no jurisdiction." (quoting *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006))).

### III.

Accordingly, it is **ORDERED** that the Defendant's Motion to Vacate Sentence, ECF No. 91, is **DENIED AS MOOT**.

Dated: August 30, 2022                              s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

- 7 -